**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Nestor Mantala, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| City of Berwyn, Salvatore Virzi, | ) |
| Ronald Pedecone, Tyler Johns, | ) |
| | ) |
| Defendants. | ) |

## Complaint

Plaintiff Nestor Mantala, through his attorneys Hale & Monico, LLC, complains of Defendants City of Berwyn, Salvator Virzi, Ronald Pedecone, and Tyler Jones.

## Introduction

**1.** On December 21, 2018, Plaintiff returned home after attending a holiday party.

**2.** As Plaintiff attempted let his dog outside, Defendants Virzi, Pedecone, and Jones confronted Plaintiff over allegations that he had been involved in a motor vehicle accident.

**3.** This confrontation turned physical, during which time Defendants Virzi, Pedecone, and Jones used excessive, unreasonable, and unjustified force against Plaintiff.

**4.** As a result, Plaintiff suffered numerous and severe injuries.

## Parties

**5.** Plaintiff Nestor Mantala is a resident of Berwyn, Illinois.

**6.** Defendant Salvatore Virzi was, during the relevant time, employed by Defendant City of Berwyn as a sworn law enforcement officer with the Berwyn Police Department. Throughout his interaction with Plaintiff, Defendant Virzi acted within the scope of his

agency, service, and/or employment with Defendant City of Berwyn and was acting under color of law. Defendant Virzi is sued in his individual capacity.

**7.** Defendant Ronald Pedecone was, during the relevant time, employed by Defendant City of Berwyn as a sworn law enforcement officer with the Berwyn Police Department. Throughout his interaction with Plaintiff, Defendant Pedecone acted within the scope of his agency, service, and/or employment with Defendant City of Berwyn and was acting under color of law. Defendant Pedecone is sued in his individual capacity.

**8.** Defendant Tyler Johns was, during the relevant time, employed by Defendant City of Berwyn as a sworn law enforcement officer with the Berwyn Police Department. Throughout his interaction with Plaintiff, Defendant Johns acted within the scope of his agency, service, and/or employment with Defendant City of Berwyn and was acting under color of law. Defendant Johns is sued in his individual capacity.

**9.** Defendant City of Berwyn is a municipal corporation organized, existing, and doing business sunder the laws of the State of Illinois. During the relevant time, Defendant City of Berwyn was the employer and principal of Defendants Pedecone, Virzi, and Johns. Defendant City of Berwyn is sued under the legal theory of *Respondeat Superior* and pursuant to the indemnification requirements of 745 ILCS 10/9-102.

## Jurisdiction

**10.** This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

**11.** The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

**12.** Venue is proper in the United States District Court for the Northern District of Illinois, Eastern division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

**Facts**

**13.** On December 21, 2018, Plaintiff returned home from attending a holiday party.

**14.** Plaintiff let his dog into his backyard. Unfortunately, Plaintiff's dog went through the gate leading to Plaintiff's backyard and went onto the side walkway near Plaintiff's house.

**15.** Plaintiff attempted to detain his dog by grabbing him by the collar. Plaintiff then began walking the dog back into his home.

**16.** The dog, which was a full-grown German Shepherd, pulled against Plaintiff and both ended up near the front of Plaintiff's home.

**17.** Numerous police officers were standing near the front of Plaintiff's home.

**18.** Upon information and belief, the police officers near Plaintiff's home were Defendant Pedecone, Virzi, and Johns.

**19.** Upon information and belief, one or more of the Defendants had been informed by a motorist that Plaintiff had struck her vehicle while Plaintiff was driving home from the holiday party. Plaintiff had not been in any vehicle accident and had not struck any other vehicles.

**20.** One of the officers commanded Plaintiff to release his dog.

**21.** However, Plaintiff was worried that his dog may become frightened and attack one of the strange officers. Plaintiff did not want anyone to be injured.

**22.** The officer stated that if Plaintiff did not release his dog, the officer would shoot the dog.

**23.** Plaintiff informed the officer that his dog was a "good dog" and begged the officer to not shoot his dog.

**24.** At this point, one of the officers grabbed Plaintiff's dog. Other officers then tackled Plaintiff to the ground.

**25.** Upon information and belief, Defendants Pedecone, Virzi, and Johns are the officers who used force against Plaintiff.

**26.** The use of force by Defendants Pedecone, Virzi, and Johns was unnecessary and unreasonable based on the totality of the circumstances.

**27.** As a result of the physical force used by Defendants Pedecone, Virzi, and Johns, Plaintiff was injured to the point he was taken to the hospital.

**28.** Plaintiff's injuries were serious: multiple bruising, cuts, and abrasions, and a strained ligament in his knee that required Plaintiff to miss work and go through physical therapy.

**29.** Plaintiff was criminally charged with numerous offenses by Defendants, including numerous traffic offenses, driving under the influence, cruelty to animals, and resisting arrest. There was no probable cause to support the traffic offenses, driving under the influence, or the cruelty to animals. Prior to trial, many of the traffic offenses were dismissed. Following a trial, Plaintiff was acquitted of these charges and convicted on a single count of resisting arrest for not immediately letting go of his dog.

## Claims

### Count I – 42 U.S.C. § 1983
### Violation of Fourth Amendment – Excessive Force
### Defendants Pedecone, Virzi, and Johns

**30.** Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

**31.** The physical force used by Defendants Pedecone, Virzi, and Johns in making Plaintiff release his dog and tackling Plaintiff to the ground was unreasonable based on the totality of the circumstances. In other words, the physical force used by Defendants Pedecone, Virzi, and Johns violated Plaintiff's Fourth Amendment rights against unreasonable seizures.

**32.** As a result of the excessive force by Defendants Pedecone, Virzi, and Johns, Plaintiff was injured.

Wherefore, Plaintiff prays for judgment against Defendants Pedecone, Virzi, and Johns and for an award of compensatory damages, punitive damages, attorneys' fees, and any other relief the Court deems just and reasonable.

### Count II – Illinois Law
### Battery
### Defendants Pedecone, Virzi, Johns, and City of Berwyn

**33.** Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

**34.** The physical force used by Defendants Pedecone, Virzi, and Johns in making Plaintiff release his dog and tackling Plaintiff to the ground was an action that caused physical harm to Plaintiff absent legal justification. Under Illinois law, the actions of Defendants Pedecone, Virzi, and Johns constituted a battery against Plaintiff.

**35.** Defendants Pedecone's, Virzi's, and Johns' conduct was done in a manner that was intentional or with a reckless disregard for the health and safety of Plaintiff. In other words, the conduct was willful and wanton.

**36.** During the relevant time, Defendants Pedecone, Virzi, and Johns were acting within the scope of their employment with Defendant City of Berwyn as sworn police officers. As such, Defendant City of Berwyn is liable for the conduct of Defendants Pedecone, Virzi, and Johns under the theory of *Respondeat Superior*.

**37.** As a result of the unjustified use of force by Defendants Pedecone, Virzi, and Johns, Plaintiff was injured.

Wherefore, Plaintiff prays for judgment against Defendants Pedecone, Virzi, Johns, and City of Berwyn and for an award of compensatory damages and any other relief the Court deems just and reasonable.

**Count III – Illinois State Law**
**Malicious Prosecution**
**Defendant City of Berwyn**

**38.** Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

**39.** During the relevant time, Defendants Pedecone, Virzi, and Johns were employees of Defendant City of Berwyn and acted within the scope of their employment.

**40.** These agents of Defendant City of Berwyn caused criminal charges to be initiated against Plaintiff, specifically traffic offenses, driving under the influence, and cruelty to animals. These charges were not supported by probable cause and were initiated with malice and/or an absence of probable cause.

**41.** These criminal proceeding for these charges were terminated in Plaintiff's favor and in a manner indicative of his innocence when the charges were dismissed and/or Plaintiff was acquitted of these charges.

**42.** Plaintiff was harmed by these criminal charges being initiated.

**43.** The agents of Defendant City of Berwyn acted within the scope of their employment in initiating criminal charges against Plaintiff and continuing the criminal prosecution.

Wherefore, Plaintiff prays for judgment against Defendant City of Berwyn and for an award of compensatory damages and any other relief the Court deems just and reasonable.

**Count IV – Illinois State Law**
**Indemnification**
**Defendant City of Berwyn**

**44.** Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

**45.** During the relevant time, Defendants Pedecone, Virzi, and Johns were employees of Defendant City of Berwyn and acted within the scope of their employment.

**46.** Pursuant to 745 ILCS 10/9-102, Defendant City of Berwyn is required to indemnify Defendants Pedecone, Virzi, and Johns for any judgment against them for acts or omissions done within the scope of their employment.

Wherefore, Plaintiff prays for judgment against Defendant City of Berwyn and that Defendant City of Berwyn be required to indemnify Defendants Pedecone, Virzi, and Johns for any award of compensatory damages and attorneys' fees.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Attorney No. 6312312
One of the attorneys for Plaintiff

Hale & Monico, LLC
Andrew Hale
Anthony Zecchin
Shawn Barnett
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905